UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 11-20551

TIFFANY WALKER,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO TERMINATE HOME CONFINEMENT

On September 24, 2015, Defendant Tiffany Walker was sentenced to seventy-five months imprisonment after she pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances. (ECF No. 1317, PageID.10296-97.) She began serving her sentence on September 1, 2016. (ECF No. 1977-2, PageID.20121.) In June 2021, Defendant was diagnosed with cancer; consequently, she was released to home confinement so that she could receive treatment. (ECF No. 1977, PageID.20113; ECF No. 1977-2, PageID.20121.) It is anticipated that with good time credit, she will be released on March 12, 2022. (ECF No. 1977-2, PageID.20120.) On July 19, 2021, Defendant mailed a letter requesting that the court terminate her home confinement. (ECF No. 1973.) Defendant has not specified whether she is seeking a change in her conditions of confinement or a termination of imprisonment through compassionate release, 18 U.S.C. § 3582. The court interprets Defendant's letter as a request for the former, but either way, for the reasons explained

below, the court must deny her request to be taken "off home confinement." (ECF No. 1973, PageID.20099.)

To the extent Defendant requests that the court change the conditions or place of her confinement, the court lacks authority to do so. Generally, the Bureau of Prisons ("BOP") has "plenary control, subject to statutory constraints" over "the place of a prisoner's imprisonment." *See Tapia v. United States*, 564 U.S. 319, 331 (2011). Indeed, under 18 U.S.C. § 3621(b), the BOP'S "designation of a place of imprisonment . . . is not reviewable by any court." As part of its authority over imprisonment, the BOP "may . . . place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Moreover, as a result of the COVID-19 pandemic, "if emergency conditions will materially affect the functioning of the Bureau," the BOP has discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under § 3624(c)(2). *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act) § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020). It is clear BOP has sole discretion to determine whether a Defendant should be placed on home confinement. *See, e.g.*, *United States v. Cruz*, 455 F. Supp. 3d 154, 160 (M.D. Pa. 2020) (recognizing that only the BOP is empowered to release an inmate to home confinement); *United States v. Engelson*, No. 13-cr-340-3, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (explaining that courts may make recommendations to the BOP but the ultimate decision of releasing an inmate to home confinement is the BOP's); *United States v. Gray*, No. CR 09-150, 2020 WL 6822949, at *2 (E.D. Pa. Nov. 20, 2020) ("The Court also notes it is without authority to address Gray's request for

release to home confinement."). And although "the place of a prisoner's imprisonment" under § 3621(b) does not expressly refer to home confinement, the court agrees with the government that "[s]ince the court lacks authority to grant a transfer into home confinement, or review a BOP decision in that regard, it is axiomatic [that] it also lacks authority to review a BOP decision regarding the termination of a home confinement placement." (ECF No. 1977, PageID.20116.) Thus, the court lacks the authority to grant Defendant's request. The decision to place or release Defendant from home confinement rests with the BOP.

In the alternative, if the court were to construe her request as a motion for compassionate release, seeking an early release from her sentence, the court must still deny her request. Before the court may consider a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant must exhaust administrative remedies. That is, only after a motion in federal court is filed "by the Director of the BOP on the defendant's behalf," or where Defendant otherwise "has fully exhausted all administrative rights" may a court consider her request. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (rejecting a defendant's motion for compassionate release under § 3582(c) where he (1) did not exhaust his right to appeal a decision of the BOP's failure to bring a motion on his behalf or (2) did not wait 30 days from the warden's receipt of his request to bring the motion). The Sixth Circuit has made clear exhaustion of administrative remedies is mandatory under § 3582. *See id.* Here, there is no evidence that Defendant has exhausted her administrative remedies or otherwise submitted a request to the BOP before filing her petition with the court. (*See* ECF No. 1977-4, PageID.20124.)

3

4

With the decision of imposing home confinement resting solely with the BOP, and because Defendant has failed to exhaust her administrative remedies, the court cannot grant her request. Accordingly,

IT IS ORDERED that Defendant's request for termination of home confinement (ECF 1973) is DENIED.

s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20551.WALKER.MotionToTerminateHomeConfinement.MAZ.docx